**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MALLINCKRODT LLC, MALLINCKRODT INC. and NUVO RESEARCH INC., ) ) ) | |
| Plaintiffs, ) ) | C.A. No. 12-1087-RGA-MPT |
| v. ) ) | |
| LUPIN LTD., and LUPIN PHARMACEUTICALS, INC., ) ) ) | |
| Defendants. ) | |

**ANSWER, DEFENSES AND COUNTERCLAIMS OF
DEFENDANTS LUPIN LTD. AND LUPIN PHARMACEUTICALS, INC.**

Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") hereby answer the Complaint of Plaintiffs Mallinckrodt LLC, Mallinckrodt Inc. and Nuvo Research Inc. (collectively, "Plaintiffs") as follows:

**NATURE OF ACTION[1]**

1. Lupin admits that the Complaint purports to state a civil action arising under the patent laws of the United States, Title 35 of the United States Code asserting U.S. Patent No. 8,217,078 ("the '078 patent"). Lupin admits that the Complaint purports to relate to Lupin Ltd.'s filing of an Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to market generic versions of PENNSAID® prior to the expiration of the '078 patent. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations contained in paragraph 1 of the Complaint that are directed at Apotex Inc. and Apotex Corp. (collectively, "Apotex") and,

---

[1] For the Court's convenience, Lupin has incorporated the "Headings" that appear in the Complaint. It should be understood, however, that Lupin does not necessarily agree with the characterizations of such Headings, and does not waive any right to object to those characterizations.

therefore, denies such allegations in paragraph 1 on that basis. Except as expressly admitted, Lupin denies each and every remaining allegation contained in paragraph 1 of the Complaint.

**PARTIES**

2. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint and, therefore, denies each and every allegation in paragraph 2 on that basis.

3. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint and, therefore, denies each and every allegation in paragraph 3 on that basis.

4. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and, therefore, denies each and every allegation in paragraph 4 on that basis.

5. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint and, therefore, denies each and every allegation in paragraph 5 on that basis.

6. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and, therefore, denies each and every allegation in paragraph 6 on that basis.

7. Lupin admits that Lupin Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at B/4 Laxmi Towers, Bandra Kurla Complex, Bandra (East), Mumbai, Maharashta 400 051, India. Lupin admits that Lupin Pharmaceuticals, Inc. is a wholly owned subsidiary of Lupin Ltd. Lupin admits that Lupin Ltd. develops and manufactures pharmaceutical products, and that Lupin Pharmaceuticals, Inc. sells and distributes

pharmaceutical products, including pharmaceutical products manufactured by Lupin Ltd. that have been authorized by the FDA under applicable law, throughout the United States, including in this judicial district. Lupin admits that Lupin Ltd. has previously submitted to the jurisdiction of this Court and has asserted counterclaims in lawsuits filed in this district. Except as expressly admitted, Lupin denies each and every remaining allegation contained in paragraph 7 of the Complaint.

8. Lupin admits that Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the Commonwealth of Virginia, having a principal place of business at 111 South Calvert Street, 21st floor, Baltimore, Maryland 21202. Lupin admits that Lupin Pharmaceuticals, Inc. is a wholly owned subsidiary of Lupin Ltd. Lupin admits that Lupin Ltd. develops and manufactures pharmaceutical products, and that Lupin Pharmaceuticals, Inc. sells and distributes pharmaceutical products, including pharmaceutical products manufactured by Lupin Ltd. that have been authorized by the FDA under applicable law, throughout the United States, including in this judicial district. Except as expressly admitted, Lupin denies each and every remaining allegation contained in paragraph 8 of the Complaint. Lupin denies that Lupin Pharmaceuticals, Inc. is a proper party to this action.

## JURISDICTION AND VENUE

9. Lupin admits the allegations of paragraph 9 of the Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) solely for the claims directed against Lupin Ltd. under 35 U.S.C. § 271(e)(2)(A). Except as expressly admitted, Lupin denies each and every remaining allegation contained in paragraph 9 of the Complaint.

10. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint and, therefore, denies each and every allegation in paragraph 10 on that basis.

11. Lupin denies each and every allegation in paragraph 11 of the Complaint. For the purposes of this case only, Lupin does not contest personal jurisdiction in this Court.

12. Lupin denies each and every allegation in paragraph 12 of the Complaint. For the purposes of this case only, Lupin does not contest venue in this Court.

## PENNSAID®

13. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint and, therefore, denies each and every allegation in paragraph 13 on that basis.

14. Lupin admits that the prescribing information for PENNSAID® states that PENNSAID® contains diclofenac, a nonsteroidal anti-inflammatory drug, as the active ingredient, and dimethyl sulfoxide as an inactive ingredient. Lupin admits that the prescribing information for PENNSAID® states "the recommended dose is 40 drops per knee, 4 times a day." Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14 of the Complaint and, therefore, denies each and every remaining allegation in paragraph 14 on that basis.

15. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint and, therefore, denies each and every allegation in paragraph 15 on that basis.

16. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint and, therefore, denies each and every allegation in paragraph 16 on that basis.

17. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint and, therefore, denies each and every allegation in paragraph 17 on that basis.

18. Lupin admits that according to the FDA website, approval was granted on November 4, 2009 to Mallinckrodt as the holder of New Drug Application ("NDA") No. 020947 for PENNSAID®, containing 1.5% diclofenac sodium as a topical solution. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 18 of the Complaint and, therefore, denies each and every remaining allegation in paragraph 18 on that basis.

19. Paragraph 19 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that 21 C.F.R. § 201.56(b) lists categories of prescription drugs subject to certain labeling requirements. Lupin admits that the prescribing information for PENNSAID® contains a section entitled "Dosage and Administration." Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 19 of the Complaint and, therefore, denies each and every remaining allegation in paragraph 19 on that basis.

20. Lupin admits that the prescribing information for PENNSAID® states "[t]he most common adverse events with PENNSAID were application site skin reactions." Lupin admits that the prescribing information for PENNSAID®, under a section entitled "Special Precautions," states "[w]ait until the treated area is dry before applying sunscreen, insect repellant, lotion,

5

moisturizer, cosmetics, or other topical medication to the same knee you have just treated with PENNSAID." Except as expressly admitted, Lupin denies each and every remaining allegation contained in paragraph 20 of the Complaint.

21.     Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint and, therefore, denies each and every allegation in paragraph 21 on that basis.

22.     Paragraph 22 of the Complaint contains legal conclusions to which no answer is required. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 22 of the Complaint and, therefore, denies each and every remaining allegation in paragraph 22 on that basis.

**THE PATENT-IN-SUIT**

23.     Lupin admits that the '078 patent includes a priority claim to a U.S. provisional application filed on March 31, 2009. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 23 of the Complaint and, therefore, denies each and every remaining allegation in paragraph 23 on that basis.

24.     Lupin admits that the '078 patent, on its face, is entitled "Treatment of Pain with Topical Diclofenac," and that the '078 patent states, on its face, that it issued on July 10, 2012 to Jagat Singh, Joseph Zev Shainhouse, Bradley S. Galer, Robert Dominic King-Smith, Lisa Marie Grierson, Maria Burian, Jonathan Wilkin, Edward T. Kisak, and John M. Newsam. Lupin admits that the '078 patent states, on its face, that Nuvo Research Inc. is the assignee. Lupin admits that Exhibit A to the Complaint purports to be a copy of the '078 patent. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining

allegations and, therefore, denies each and every remaining allegation contained in paragraph 24 of the Complaint.

25. Lupin admits the allegations of paragraph 25 of the Complaint.

## APOTEX'S ANDA

26. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Complaint and, therefore, denies each and every allegation in paragraph 26 on that basis.

27. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Complaint and, therefore, denies each and every allegation in paragraph 27 on that basis.

28. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Complaint and, therefore, denies each and every allegation in paragraph 28 on that basis.

## LUPIN'S ANDA

29. Lupin admits that Lupin Ltd. submitted ANDA No. 204132 with the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval for diclofenac sodium topical solution 1.5%, prior to the expiration of the '078 patent. Except as expressly admitted, Lupin denies each and every remaining allegation contained in paragraph 29 of the Complaint.

30. Lupin admits that Lupin Ltd. submitted ANDA No. 204132 containing data demonstrating bioequivalence based on the reference listed drug PENNSAID®, which is the subject of NDA No. 020947. Except as expressly admitted, Lupin denies each and every remaining allegation contained in paragraph 30 of the Complaint.

31. Lupin admits that Lupin Pharmaceuticals, Inc. sent a Notice Letter dated July 17, 2012 to Plaintiffs, stating that ANDA No. 204132 contained a Paragraph IV certification that, in Lupin Pharmaceuticals, Inc.'s opinion, and to the best of its knowledge, no valid, enforceable claim of the '078 patent will be infringed by the manufacture, importation, use, sale, or offer for sale of the product described in ANDA No. 204132. Except as expressly admitted, Lupin denies each and every remaining allegation contained in paragraph 31 of the Complaint.

## COUNT I

### APOTEX'S DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,217,078 UNDER 35 U.S.C. § 271 (e)(2)(A)

32. Lupin repeats and incorporates herein by reference Lupin's responses to the allegations contained in paragraphs 1-31 above.

33. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 33 of the Complaint and, therefore, denies each and every allegation in paragraph 33 on that basis.

34. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Complaint and, therefore, denies each and every allegation in paragraph 34 on that basis.

35. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 35 of the Complaint and, therefore, denies each and every allegation in paragraph 35 on that basis.

## COUNT II

### APOTEX'S INDUCEMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,217,078 UNDER 35 U.S.C. § 271 (b)

36. Lupin repeats and incorporates herein by reference Lupin's responses to the allegations contained in paragraphs 1-35 above.

37. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 37 of the Complaint and, therefore, denies each and every allegation in paragraph 37 on that basis.

38. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 38 of the Complaint and, therefore, denies each and every allegation in paragraph 38 on that basis.

39. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 39 of the Complaint and, therefore, denies each and every allegation in paragraph 39 on that basis.

40. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 40 of the Complaint and, therefore, denies each and every allegation in paragraph 40 on that basis.

41. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 41 of the Complaint and, therefore, denies each and every allegation in paragraph 41 on that basis.

42. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 42 of the Complaint and, therefore, denies each and every allegation in paragraph 42 on that basis.

43. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Complaint and, therefore, denies each and every allegation in paragraph 43 on that basis.

## COUNT III

## EXCEPTIONAL CASE WITH RESPECT TO APOTEX UNDER 35 U.S.C. § 285

44. Lupin repeats and incorporates herein by reference Lupin's responses to the allegations contained in paragraphs 1-43 above.

45. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 45 of the Complaint and, therefore, denies each and every allegation in paragraph 45 on that basis.

## COUNT IV

## LUPIN'S DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,217,078 UNDER 35 U.S.C. § 271 (e)(2)(A)

46. Lupin repeats and incorporates herein by reference Lupin's responses to the allegations contained in paragraphs 1-45 above.

47. Lupin denies the allegations of paragraph 47 of the Complaint.

48. Lupin denies the allegations of paragraph 48 of the Complaint.

49. Lupin denies the allegations of paragraph 49 of the Complaint.

## COUNT V

## LUPIN'S INDUCEMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,217,078 UNDER 35 U.S.C. § 271 (b)

50. Lupin repeats and incorporates herein by reference Lupin's responses to the allegations contained in paragraphs 1-49 above.

51. Lupin denies the allegations of paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that 21 C.F.R. § 314.94(8)(iv) states, in part, that "[l]abeling . . . proposed for the drug product must be the same as the labeling approved for the reference listed drug," while also enumerating several exceptions to the requirement. Except as expressly admitted, Lupin denies each and every remaining allegation contained in paragraph 52 of the Complaint.

53. Lupin admits that, when the Complaint was filed, Lupin's then-proposed prescribing information stated "[i]nstruct patients that before applying sunscreen, insect repellant, lotion, moisturizer, cosmetics, or other topical medication to the same skin surface of the knee treated with PENNSAID, they must wait until the treated area is completely dry." Lupin admits that, when the Complaint was filed, Lupin's then-proposed prescribing information stated "[t]he most common adverse events with PENNSAID were application site skin reactions." Except as expressly admitted, Lupin denies each and every remaining allegation contained in paragraph 53 of the Complaint.

54. Lupin admits that the website for Lupin Pharmaceuticals, Inc. contains a generics product list which includes information regarding "RLD / Brand Name." Except as expressly admitted, Lupin denies each and every remaining allegation contained in paragraph 54 of the Complaint.

55. Lupin denies the allegations of paragraph 55 of the Complaint.

56. Lupin denies the allegations of paragraph 56 of the Complaint.

57. Lupin denies the allegations of paragraph 57 of the Complaint.

## COUNT VI

## EXCEPTIONAL CASE WITH RESPECT TO LUPIN UNDER 35 U.S.C. § 285

58. Lupin repeats and incorporates herein by reference Lupin's responses to the allegations contained in paragraphs 1-57 above.

59. Lupin denies the allegations of paragraph 59 of the Complaint.

## PRAYER FOR RELIEF

Lupin denies all allegations not specifically admitted herein, and further denies that Plaintiffs are entitled to the judgment and relief requested in paragraphs A-K of the Complaint or to any other relief.

## DEFENSES

Without prejudice to the denials set forth in its responses to paragraphs 1 through 59 of the Complaint, Lupin sets forth the following defenses. Lupin expressly reserves the right to allege additional defenses as they become known through the course of discovery. Lupin does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiffs bear the burden of proof.

## FIRST DEFENSE – NON-INFRINGEMENT

1. Lupin does not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, enforceable claim of the '078 patent.

## SECOND DEFENSE - INVALIDITY

2. One or more claims of the '078 patent is invalid for failure to comply with one or more of the conditions set forth in 35 U.S.C. §§ 101 *et seq.*, including, without limitation, the

requirements of 35 U.S.C. §§ 101, 102, 103, 112, and the defenses recognized in 35 U.S.C. § 282(b).

### THIRD DEFENSE – LACK OF SUBJECT MATTER JURISDICTION

3. This court lacks subject matter jurisdiction over any and all claims asserted against Lupin Pharmaceuticals, Inc.

4. This court lacks subject matter jurisdiction over the claims asserted against Lupin under 35 U.S.C. §271(b).

### FOURTH DEFENSE – FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

5. Lupin Pharmaceuticals, Inc. did not submit an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act. Therefore, Lupin Pharmaceuticals, Inc. has not committed an act of infringement as prescribed in 35 U.S.C. §271(e)(2).

6. The Complaint fails to state a claim against Lupin Pharmaceuticals, Inc. upon which relief can be granted.

### FIFTH DEFENSE – LIMITATION OF REMEDIES

7. The remedy of an injunction or other equitable relief sought by the Plaintiffs in its Complaint is unavailable to Plaintiffs in this action.

### COUNTERCLAIMS

Defendant/Counterclaimant Lupin Ltd. brings the following Counterclaims against Plaintiffs/Counterdefendants Mallinckrodt LLC, Mallinkcrodt Inc., and Nuvo Research Inc. (collectively, "Plaintiffs") for a declaratory judgment that the '078 patent is invalid and not infringed by the Lupin Ltd.'s diclofenac topical solution, 1.5% that is the subject of ANDA No. 204132.

**PARTIES**

1. Counterclaimant Lupin Ltd. is a company organized and existing under the laws of India, having a principal place of business at B/4 Laxami Towers, Brand Kurla Complex, Bandra (East), Mumbai, Maharashtra 400 051, India.

2. On information and belief, and based on Plaintiffs' allegations, Counterdefendant Mallinckrodt LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a place of business at 675 McDonnell Boulevard, Hazelwood, Missouri 63042-2379.

3. On information and belief, and based on Plaintiffs' allegations, Counterdefendant Mallinkcrodt Inc. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 675 McDonnell Boulevard, Hazelwood, Missouri 63042-2379.

4. On information and belief, and based on Plaintiffs' allegations, Counterdefendant Nuvo Resarch Inc. is a corporation organized and existing under the laws of Ontario, having a place of business at 7560 Airport Road, Unit 10, Mississuaga, Ontario L4T 4H4, Canada.

**JURISDICTION AND VENUE**

5. These counterclaims seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and 25 U.S.C. § 271(e)(2).

7. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b), and by Plaintiffs' choice of forum.

8. This is an action based upon an actual controversy between the parties concerning the invalidity and noninfringement of the '078 patent and Lupin Ltd.'s right to continue to seek approval of ANDA No. 204132 for diclofenac topical solution, 1.5%, and upon approval by the FDA, to manufacture, import, use, market, sell, and offer to sell diclofenac topical solution, 1.5% in the United States.

9. Lupin Ltd. has been and presently is engaged in the submission of documents for FDA approval to engage in the commercial manufacture, importation, use, or sale of diclofenac topical solution, 1.5%, which Plaintiffs have alleged infringe, will infringe, or will induce infringement of the '078 patent.

10. Plaintiffs have filed in this Court an infringement action to enforce the '078 patent.

11. Lupin Ltd. has denied that it has, continues, or will infringe, induce infringement of, and/or contribute to the infringement of, any valid, enforceable claim of the '078 patent.

12. Lupin Ltd. has further asserted that the '078 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, 112, and the defenses recognized in 35 U.S.C. § 282(b).

13. In view of the foregoing, a conflict of asserted rights has arisen between Lupin Ltd. and Plaintiffs with respect to the noninfringement and invalidity of the relevant claims of the '078 patent, and as to Lupin Ltd.'s right to obtain FDA approval to engage in the commercial manufacture, importation, use, offer for sale, or sale of diclofenac topical solution, 1.5%. An actual controversy therefore exists between Lupin Ltd. and Plaintiffs.

14. There further exists an actual case or controversy between Lupin Ltd. and Plaintiffs as to the '078 patent based on Mallinckrodt's listing of this patent in the Orange Book in connection with NDA No. 020947 for PENNSAID®.

## COUNT I – NON-INFRINGEMENT OF THE '078 PATENT

15. The allegations of Counterclaim paragraphs 1-14 are repeated, realleged, and incorporated herein by reference.

16. Lupin Ltd. does not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, enforceable claim of the '078 patent.

17. The sale, offer for sale, manufacture, importation, or use of Lupin Ltd.'s diclofenac topical solution, 1.5% will not constitute infringement (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, enforceable claim of the '078 patent.

18. Lupin Ltd. is entitled to a judicial declaration that the sale, offer for sale, manufacture, importation, or use of Lupin Ltd.'s diclofenac topical solution, 1.5% ANDA does not, and would not if marketed, infringe any valid and enforceable claim of the '078 patent.

## COUNT II – INVALIDITY OF THE '078 PATENT

19. The allegations of Counterclaim paragraphs 1-18 are repeated, realleged, and incorporated herein by reference.

20. The claims of the '078 patent are invalid for failure to satisfy the provisions set forth in 35 U.S.C. §§ 101 *et seq.*, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and the defenses recognized in 35 U.S.C. § 282(b).

21. Lupin Ltd. is entitled to a judicial declaration that the claims of the '078 patent are invalid.

## **DEMAND FOR JUDGMENT**

WHEREFORE, Lupin Ltd. prays for the following relief:

A. That all claims against Lupin be dismissed with prejudice and that all relief requested by Plaintiffs/Counterdefendants be denied;

B. That a judgment be entered that Lupin has not and does not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, enforceable claim of U.S. Patent No. 8,217,078; that Lupin Ltd. has a lawful right to obtain FDA approval of ANDA No. 204132; and further that Lupin Ltd. has a lawful right to manufacture, import, use, sell, and/or offer to sell its diclofenac topical solution, 1.5% once approved by the FDA;

C. That a judgment be entered declaring the claims of U.S. Patent No. 8,217,078 invalid;

D. That the Plaintiffs/Counterdefendants and their agents, representatives, attorneys, and those persons in active concert or participation with them who received actual notice thereof, be preliminarily and permanently enjoined from threatening or initiating infringement litigation against Lupin or any of its customers, dealers, or suppliers, or any prospective or present sellers, dealers, distributors or customers of Lupin, or charging any of them either orally or in writing with infringement of United States Patent No. 8,217,078;

E. That a judgment be entered that this action is an exceptional case within the meaning of 35 U.S.C. § 285 and that Lupin Ltd. is therefore entitled to recover its reasonable attorneys' fees upon prevailing in this action;

  F. That Lupin Ltd. be awarded costs, attorneys' fees and other relief, both legal and equitable, to which it may be justly entitled; and

  G. That Lupin Ltd. be awarded such other and further relief as is just and proper.

            Respectfully submitted,

            POTTER ANDERSON & CORROON LLP

| OF COUNSEL: | |
|---|---|
| William R. Zimmerman, Esq.<br>Jonathan E. Bachand, Esq.<br>Andrea L. Cheek, Esq.<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>1717 Pennsylvania Avenue, Suite 900<br>Washington, DC 20006<br>Tel: (202) 640-6400 | By: */s/ Richard L. Horwitz*<br>  Richard L. Horwitz (#2246)<br>  David E. Moore (#3983)<br>  Bindu A. Palapura (#5370)<br>  Hercules Plaza 6th Floor<br>  1313 N. Market Street<br>  Wilmington, DE 19899<br>  Tel: (302) 984-6000<br>  rhorwitz@potteranderson.com<br>  dmoore@potteranderson.com<br>  bpalapura@potteranderson.com |
| Joseph Reisman, Esq.<br>Peter Law, Esq.<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>12790 El Camino Real<br>San Diego, CA 92104<br>Tel: (858) 707-4000 | *Attorneys for Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc.* |

Dated: March 22, 2013
1099477 / 40102

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on March 22, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on March 22, 2013, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Frederick L. Cottrell, III<br>Jason J. Rawnsley<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>cottrell@rlf.com<br>rawnsley@rlf.com | John L. North<br>Jeffrey J. Toney<br>Laura Fahey Fritts<br>Jonathan D. Olinger<br>Kasowitz, Benson, Torres & Friedman LLP<br>Two Midtown Plaza, Suite 1500<br>1349 West Peachtree Street, N.W.<br>Atlanta, GA  30309<br>jnorth@kasowitz.com<br>jtoney@kasowitz.com<br>jolinger@kasowitz.com<br>lfritts@kasowitz.com |

By:   */s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1099437/40102