IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MALLINCKRODT LLC, MALLINCKRODT INC. and NUVO RESEARCH INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 12-1087-RGA-MPT |
| LUPIN LTD., and LUPIN PHARMACEUTICALS, INC., | ) ) ) | |
| Defendants. | ) | |

**SCHEDULING ORDER**

This ___ day of _____, 20__, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on May 3, 2013, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.  <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within **five days** of the date of this Order. If they have not already done so, the parties are to review the Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Guidelines, Electronic Discovery Default Standard and Default Standard for Access to Source Code rev. 12/8/11), and is incorporated herein by reference. The parties shall abide by the following schedule for Initial

Discovery in Patent Litigation set forth in the Court's Default Standard for Discovery of Electronic Documents:

    a.    On **June 7, 2013**, Plaintiffs shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

    b.    On **July 9, 2013**, Defendants shall produce to Plaintiffs the core technical documents related to the accused product, including but not limited to operation manuals, product literature, schematics, and specifications.

    c.    On **August 9, 2013**, Plaintiffs shall produce to Defendant an initial claim chart relating to each accused product to the asserted claims each product allegedly infringes.

    d.    On **September 9, 2013**, Defendants shall produce to Plaintiffs their initial invalidity contentions for each asserted claim, as well as the related invalidity references (e.g., publications, manuals, and patents).

2.    <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before October 11, 2013.

3.    Discovery.

    a.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of **94 hours** of taking testimony by deposition upon oral examination.[1]

    b.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this

---

[1] Should the parties agree to modify the number of depositions under FED. R. CIV. P. 30, the number of allowed interrogatories under Rule 33 or limit the number of requests for production and/or requests for admission under Rules 34 and 36 respectively, they shall include the appropriate proposed provisions in this Order.

2

general rule may be made by order of the Court or by written agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        c.      <u>Additional Limitations on Discovery</u>. Each side is limited to a maximum of **50** requests for admission under Rule 36. Each side is limited to a maximum of **25** interrogatories under Rule 33.

        d.      <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before **June 27, 2014 (Plaintiffs' proposal) / February 28, 2014 (Defendants' proposal)**. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        e.      <u>Disclosure of Expert Testimony.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **July 25, 2014 (Plaintiffs' proposal) / March 28, 2014 (Defendants' proposal)**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **August 22, 2014 (Plaintiffs' proposal) / April 25, 2014 (Defendants' proposal)**. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    f.  <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery matter or other matters covered by this provision,[2] the parties involved shall contact chambers at (302) 573-6173 to schedule a telephone conference. At that time, counsel shall advise which parties have disputes, and each moving party shall raise no more than three (3) issues per motion/teleconference. Thereafter, the moving party or parties shall each file a "Motion for Teleconference To Resolve Discovery Dispute(s)."[3]

 The following procedures shall apply:

    (1)  Not less than seventy-two (72) hours prior to the conference, *excluding* weekends and holidays, the party seeking relief shall file a letter with the Court, not to exceed four (4) pages, in no less than 12 point font, outlining the issues in dispute and its position on those issues. Not less than forty-eight (48) hours prior to the conference, *excluding* weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12 point font, outlining that party's reason for its opposition.

    (2)  Attachments/Exhibits: Generally, there should be limited attachments or exhibits to the letters. For example, in a protective order dispute, only the provisions at issue should be attached. Similarly, regarding interrogatory/request for production issues, only the disputed interrogatory or request for production and the responses as they exist at the time of the letter submissions should be attached.[4] The parties attempts to resolve and/or

---

[2] To meet the import of that phrase, counsel, including Delaware counsel, are expected to ***verbally*** discuss the issues/concerns before seeking the Court's intervention.

[3] The suggested text for this motion can be found on the Court's website in the "Forms" tab, under the heading "Discovery Matters–Motion to Resolve Discovery Disputes."

[4] The history through emails, letters and meet-and-confers resulting in modification of the original interrogatory or request for production shall not be attached. If the interrogatory or request for production is modified to which an objection remains, only the modified

narrow the issues as contained in letters or emails shall not be included; however, suggested solutions to the issues shall be included in the letter submissions. Cases/transcripts cited and relied upon in the letter submission may be attached as exhibits.

    (3)  To the extent factual issues are disputed or central to the Court's analysis,[5] *non-conclusory,* sworn declarations, *only to the extent necessary* to establish the facts, shall be attached as exhibit(s).

    (4)  A proposed order, attached as an exhibit, setting out in detail the nature of the relief requested, including the date by which the requested relief is to be completed.

    The same procedure outlined above shall apply to protective order drafting disputes, except a "Joint Motion for Teleconference To Resolve Protective Order Dispute," shall be filed and the parties are limited to a total of three (3) issues with one submission each. The submissions shall include the party's proposal of the content for the disputed portion(s) of the protective order.

    Should the Court find further briefing necessary upon conclusion of the telephonic conference, the Court will order it. Disputes or issues covered by the provisions contained herein regarding motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

---

interrogatory/request for production and the answer/response shall be attached, and only the current positions of the parties shall be reflected in the letter submissions.

[5] For example, matters addressing attorney-client privilege, work product doctrine, common interest doctrine, sufficiency of privilege log and other similar issues often involve factual evidence for which affidavits may be required. *See RCA v. Data General*, C.A. No. 84-270-JJF, 1986 WL 15693 (D. Del. July 2, 1986); *Willemijn Houdstermaatschaapij v. Apollo Computers, Inc.*, 707 F. Supp. 1429 (D. Del. 1989).

No motions to compel or motions for protective order shall be filed absent approval of the court. Absent expressed approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

Counsel shall provide a list of the teleconference participants, either by including the list on a separate page with the letters, or fax to Chambers at 302-573-6445 at the same time the letters are efiled. If the list is included with the letters, it will not be counted as part of the page limitation for the letter submission.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of protective order, the Default Discovery Confidentiality Order shall control. Absent agreement among the parties, the Default Standard of Access to Source Code shall control.

Any proposed protective order should include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case. Any person or party subject to this order who in other proceedings becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

5. <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>ADR Process</u>. To be discussed during the Rule 16 conference.

7. <u>Interim Status Report</u>. On **May 15, 2014 (Plaintiffs' proposal) / February 14, 2014 (Defendants' proposal) [subject to the Court's availability],** counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. On _____, 20\_\_, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at \_.m. Plaintiffs' counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue.</u> If the parties believe that a tutorial on the technology would be helpful, they may provide the Court by **October 25, 2013**, with a tutorial on the technology at issue. In that regard, each party may submit a videotape/CD of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial. Any such comment shall be filed within five (5) days of

submission of the videotapes/CDs. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Case Dispositive Motions.</u> **Plaintiffs' proposal:** Because this matter is scheduled for a bench trial, no case dispositive motions shall be filed without prior authorization of the Court. **Defendants' proposal:** All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **September 13, 2013**. Unless the Court directs otherwise, no case dispositive motions may be filed at a time before the date set forth in this paragraph. Briefing will be presented pursuant to the Court's Local Rules, except as modified during the scheduling conference.

Any reference to exhibits in the briefs must refer to the specific pages of the exhibit proffered in support of a party's argument. If the exhibit is a deposition, both the page and line numbers must be specified.[6]

11. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **September 11, 2013**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **September 20, 2013**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction</u>. Counsel must identify during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

Plaintiff shall serve, but not file, its opening brief not to exceed 20 pages, on **October 25, 2013.** Defendant shall serve, but not file, its opening/answering brief not to exceed 30 pages, on **November 22, 2013**. Plaintiff shall serve, but not file, its rely brief, not to exceed 20 pages, on **December 13, 2013**. Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **December 27, 2013**. No later than 3 days after the sur-reply brief is served, the parties shall file a Joint Claim Construction Brief by combining (e.g., copy and paste) their briefed positions by claim term in sequential order, in substantially the form below.

**Joint Claim Construction Brief**

I. Agreed-upon Constructions

II. Disputed Constructions

    A. [Claim Term 1]

        (1) Plaintiffs' Opening Position

        (2) Defendants' Opening Position

        (3) Plaintiffs' Reply Position

        (4) Defendants' Sur-Reply Position

The parties shall also prepare a Joint Exhibit/Appendix with an index, eliminating any duplicate exhibit submissions. The index shall identify each exhibit and shall be organized, if possible, according to each claim term. For example, exhibits applicable to [claim term 1] shall be designated as applicable to that claim term and listed/identified first.

B.  Hearing on Claim Construction. Beginning at ____ _.m. on **January 15, 2014 [subject to the Court's availability]** the Court will hear evidence and argument on claim construction and summary judgment.

C.  Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

D.  Pretrial Conference. On **December 1, 2014 (Plaintiffs' proposal) / July 25, 2014 (Defendants' proposal) [subject to the Court's availability]**, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at ___ _.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **November 21, 2014 (Plaintiffs' proposal) / July 11, 2014 (Defendants' proposal)**.

E.  Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless

otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

      F.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file **joint** proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

      G.    <u>Trial</u>. This matter is scheduled for a **5** day **bench** trial beginning at 9:30 a.m. on **December 8, 2014 (Plaintiffs' proposal) / August 4, 2014 (Defendants' proposal) [subject to the Court's availability]** with the subsequent trial days beginning at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of **20** hours to present their case.

 

                                          _____
                                          UNITED STATES MAGISTRATE JUDGE